**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
JOHN ALAN SAKON,                :
                                :
        Plaintiff,              :
                                :
v.                              :
                                :
JOHN JOHNSON, F PERRONE, BRUCE  :
D. SKEHAN, PETER BRANDER, NEAL  :
CAVANAUGH, MICHAEL ROBERTS,     :
PETER J. CELIO, WILMARY LABONTE, :  Civil No. 3:23-cv-107 (AWT)
DANIELLE STONE-MITCHELL,        :
CHRISTOPHER FERREIRA, FRANCELIA :
MARIE SEVIN, DENNIS O'TOOLE,    :
SETH CONANT, FREED MARCROFT LLC, :
TOWN OF GLASTONBURY, TOWN OF    :
MANCHESTER, and STATE OF        :
CONNECTICUT,                    :
                                :
        Defendants.             :
------------------------------ x
```

<u>**ORDER RE MOTIONS TO DISMISS**</u>

Defendants Francelia Marie Sevin and Dennis O'Toole have each moved to dismiss plaintiff John Alan Sakon's Complaint. For the reasons set forth below, the motions are being granted.

**I.   LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 568.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp.,

727 F. Supp. 784, 786 (D. Conn. 1990) (citing <u>Scheuer</u>, 416 U.S. at 232).

## II.  DISCUSSION

The Complaint names O'Toole and Sevin as defendants in the following causes of action:

- First cause of action – First false arrest/malicious prosecution/false imprisonment,

- Second cause of action – Second false arrest/malicious prosecution/false imprisonment,

- Third cause of action – Third false arrest/malicious prosecution/false imprisonment,

- Fifth cause of action – Fifth false arrest/malicious prosecution/false imprisonment,

- Sixth cause of action – Sixth false arrest/malicious prosecution/false imprisonment,

- Seventh cause of action – Seventh false arrest/malicious prosecution/false imprisonment,

- Tenth cause of action – False imprisonment/assault and battery,

- Eleventh cause of action – Intentional spoliation of evidence tort,

- Fourteenth cause of action – Intentional infliction of emotional distress,

- Fifteenth cause of action – Negligent infliction of emotional distress, and

- Eighteenth cause of action – Libel, slander, defamation of character, discrimination.

The Complaint does not specify the legal basis for any of these causes of action. If the plaintiff intended to bring these claims against O'Toole and Sevin solely under state law, the claims against these defendants would be dismissed in their entirety for lack of subject matter jurisdiction in the absence of a federal question, see 28 U.S.C. § 1331, diversity, see id. § 1332, or other basis for original jurisdiction, see id. § 1343. However, because the plaintiff is proceeding pro se, the court construes the Complaint liberally and interprets it to raise the strongest arguments that it suggests. See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995). Thus, the court construes at least some of the listed causes of action as claims against O'Toole and Sevin pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 over which the court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

O'Toole and Sevin each move to dismiss the claims against them for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. With respect to Section 1983, the defendants maintain that the facts alleged show that they did not act under color of state law. With respect to Section 1985, the defendants maintain that the plaintiff does not allege facts sufficient to demonstrate that

the defendants were engaged in a conspiracy against him with the requisite discriminatory animus to state a claim under Section 1985. The court agrees.

With respect to Section 1983, "[t]o establish individual liability in a 1983 action, a plaintiff must 'show that [an] official, acting under color of state law, caused the deprivation of a federal right.'" Coon v. Town of Springfield, 404 F.3d 683, 686 (2d Cir. 2005) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). "An official 'acts under color of state law' for Section 1983 purposes when the official exercises a power 'possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law.'" Colombo v. O'Connell, 310 F.3d 115, 116 (2d Cir. 2002) (quoting Monsky v. Moraghan, 127 F.3d 243, 245 (2d Cir. 1997)). The plaintiff has not alleged facts that could establish that either O'Toole or Sevin was a state actor or acted under color of state law. Thus, the plaintiff has failed to state a claim against O'Toole or Sevin pursuant to 42 U.S.C. § 1983.

With respect to Section 1985, the plaintiff has not specified which section of that statute applies. "Section 1985 addresses three different types of conspiracies, namely those aimed at (1) interference with law enforcement, (2) obstruction of justice, and (3) deprivation of equal rights and privileges." McDaniel v. City of New York, 585 F.Supp.3d 503, 521 (S.D.N.Y.

2022). "To assert a viable claim under § 1985, a plaintiff must allege, among other elements, an agreement or meeting of the minds between the alleged conspirators to achieve an unlawful end." Id. at 521-22. In addition, "to establish a violation of § 1985(3), a plaintiff must establish, among other elements, that the conspiracy was motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus.'" Id. at 522 (quoting Britt v. Garcia, 457 F.3d 264, 270 n.4 (2d Cir. 2006)). The plaintiff has not alleged facts that could establish that there was an agreement or meeting of the minds between O'Toole or Sevin and other individuals, nor has he alleged facts that could establish that O'Toole or Sevin were motivated by discriminatory animus toward the plaintiff. Thus, the plaintiff has failed to state a claim against either O'Toole or Sevin pursuant to 42 U.S.C. § 1985.

Because the plaintiff has failed to state a claim upon which relief can be granted as to any claims against O'Toole and Sevin over which the court might have original jurisdiction, the court declines to exercise supplemental jurisdiction to the extent that there are any remaining state law claims against O'Toole and Sevin. See 28 U.S.C. § 1367(c)(3). Considering the factors set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966), the court concludes that judicial economy, convenience, and fairness point toward declining jurisdiction

over such claims as to these defendants. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("[I]f the federal law claims are dismissed before trial ... the state claims should be dismissed as well." (quoting Gibbs, 383 U.S. at 726)).

**III. CONCLUSION**

Accordingly, Defendant O'Toole's Motion to Dismiss Complaint (ECF No. 20) and Defendant Sevin's Motion to Dismiss Complaint (ECF No. 22) are hereby GRANTED.

The claims over which the court might have original jurisdiction are dismissed, and the court declines to exercise supplemental jurisdiction over any state law claims.

It is so ordered.

Dated this 22nd day of August 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge

–7–