## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------ x
JOHN ALAN SAKON,                :
                                :
         Plaintiff,             :
                                :
v.                              :
                                :
JOHN JOHNSON, F PERRONE, BRUCE  :
D. SKEHAN, PETER BRANDER, NEAL  :
CAVANAUGH, MICHAEL ROBERTS,     :
PETER J. CELIO, WILMARY LABONTE, :  Civil No. 3:23-cv-107 (AWT)
DANIELLE STONE-MITCHELL,        :
CHRISTOPHER FERREIRA, FRANCELIA :
MARIE SEVIN, DENNIS O'TOOLE,    :
SETH CONANT, FREED MARCROFT LLC, :
TOWN OF GLASTONBURY, TOWN OF    :
MANCHESTER, and STATE OF        :
CONNECTICUT,                    :
                                :
         Defendants.            :
------------------------------ x
```

## ORDER RE MOTION TO DISMISS

Defendant State of Connecticut and defendant Christopher Ferreira, in his official capacity, have moved to dismiss plaintiff John Alan Sakon's Complaint. For the reasons set forth below, the motion is being granted.

### I.   LEGAL STANDARD

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas Telecomm., 790 F.3d 411, 416-17 (2d. Cir. 2015) (quoting

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).
The party asserting subject matter jurisdiction "bears the
burden of proving subject matter jurisdiction by a preponderance
of the evidence." Aurechione v. Schoolman Transp. Sys., Inc.,
426 F.3d 635, 638 (2d Cir. 2005). When reviewing a motion to
dismiss for lack of subject matter jurisdiction, the court may
consider evidence outside the pleadings. "On a motion under
Fed.R.Civ.P. 12(b)(1) challenging the district court's subject
matter jurisdiction, the court may resolve disputed
jurisdictional fact issues by reference to evidence outside the
pleadings, such as affidavits." Antares Aircraft, L.P. v. Fed.
Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991). See
Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss for
lack of subject matter jurisdiction under Rule 12(b)(1), a
district court . . . may refer to evidence outside the
pleadings.").

When deciding a motion to dismiss under Rule 12(b)(6), the
court must accept as true all factual allegations in the
complaint and must draw inferences in a light most favorable to
the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
Although a complaint "does not need detailed factual
allegations, a plaintiff's obligation to provide the 'grounds'
of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 568.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F.Supp.2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

## II.  DISCUSSION

The Complaint names the State and Ferreira as defendants in the tenth cause of action (false imprisonment/assault and battery), the fourteenth cause of action (intentional infliction of emotional distress), the fifteenth cause of action (negligent infliction of emotional distress), and the eighteenth cause of action (libel, slander, defamation of character, discrimination). The Complaint also names Ferreira as a defendant in the third cause of action (third false arrest/malicious prosecution/false imprisonment) and the nineteenth cause of action (Section 1983 civil rights

violation), but it does not specify whether these claims are made against Ferreira in his official capacity or in his individual capacity.[1] The Complaint seeks monetary damages only with respect to these claims. The defendants move to dismiss on the basis that these claims are barred by the Eleventh Amendment and common law sovereign immunity. The court agrees.

"[S]uits against governmental entities are limited by the Eleventh Amendment which prohibits a citizen of a State from suing a State or its agencies in federal court." Goonewardena v. New York, 475 F.Supp.2d 310, 322 (S.D.N.Y. 2007). "In order to be subject to suit in federal court, a state must expressly and unambiguously waive its sovereign immunity, or Congress must clearly and unmistakably express its intention to abrogate the immunity in the language of the particular statute." Wagner v. Conn. Dep't of Correction, 599 F.Supp.2d 229, 238 (D. Conn. 2009). Sovereign immunity "also extends to damage actions against state employees acting in their official capacities

---

[1] Except for the nineteenth cause of action, the Complaint does not specify the legal bases for these causes of action and at least several, such as intentional and negligent infliction of emotional distress, are typically claims brought pursuant to state law. Because the plaintiff is proceeding pro se, the court construes the Complaint liberally and interprets it to raise the strongest arguments that it suggests. See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995). Thus, the court construes these causes of action as claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and addresses the issue of supplemental jurisdiction over any remaining claims.

because the state is the real party in interest." Gonnewardena, 475 F.Supp.2d at 322.

With respect to Section 1983 and Section 1985, "[a] State's sovereign immunity is not abrogated by 42 U.S.C. § 1983," Thomas v. Calero, 824 F.Supp.2d 488, 498 (S.D.N.Y. 2011), and there is "no express congressional abrogation of the state's Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions," Fincher v. State of Fla. Dep't of Lab. & Emp. Sec. Unemployment Appeals Comm'n, 798 F.2d 1371, 1372 (11th Cir. 1986). In addition, "Connecticut has not waived its sovereign immunity with respect to claims for money damages brought under section 1983 or section 1985." Turner v. Boyle, 116 F.Supp.3d 58, 73 (D. Conn. 2015). Thus, to the extent the plaintiff intended to bring claims against the State or against Ferreira in his official capacity pursuant to Section 1983 or Section 1985, those claims must be dismissed.

Because the plaintiff has failed to state a claim upon which relief can be granted as to any claims against the State or Ferreira in his official capacity over which the court might have original jurisdiction, the court declines to exercise supplemental jurisdiction to the extent that there are any remaining state law claims against the State or against Ferreira in his official capacity. See 28 U.S.C. § 1367(c)(3). Considering the factors set forth in United Mine Workers of Am.

v. Gibbs, 383 U.S. 715, 726 (1966), the court concludes that judicial economy, convenience, and fairness point toward declining jurisdiction over such claims as to these defendants. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("[I]f the federal law claims are dismissed before trial ... the state claims should be dismissed as well." (quoting Gibbs, 383 U.S. at 726)).

## III. CONCLUSION

Accordingly, the State Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 28) is hereby GRANTED.

The claims over which the court might have original jurisdiction are dismissed, and the court declines to exercise supplemental jurisdiction over any state law claims.

It is so ordered.

Dated this 22nd day of August 2023, at Hartford, Connecticut.

                                    /s/AWT
                              _____
                                 Alvin W. Thompson
                              United States District Judge