## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------ x
JOHN ALAN SAKON,                :
                                :
        Plaintiff,              :
                                :
v.                              :
                                :
JOHN JOHNSON, F PERRONE, BRUCE  :
D. SKEHAN, PETER BRANDER, NEAL  :
CAVANAUGH, MICHAEL ROBERTS,     :
PETER J. CELIO, WILMARY LABONTE, :  Civil No. 3:23-cv-107 (AWT)
DANIELLE STONE-MITCHELL,        :
CHRISTOPHER FERREIRA, FRANCELIA :
MARIE SEVIN, DENNIS O'TOOLE,    :
SETH CONANT, FREED MARCROFT LLC, :
TOWN OF GLASTONBURY, TOWN OF    :
MANCHESTER, and STATE OF        :
CONNECTICUT,                    :
                                :
        Defendants.             :
------------------------------ x
```

### RULING ON MOTION TO DISMISS

Defendant Christopher Ferreira ("Ferreira"), who is a Connecticut State Trooper, has moved, in his individual capacity,[1] to dismiss all claims against him. For the reasons set forth below, his motion to dismiss is being granted.

### I.  Background

The plaintiff, John Alan Sakon, filed this action on January 26, 2023, proceeding pro se and naming seventeen defendants. The nineteen-count complaint concerns a number of separate events,

---

[1] The court previously granted a motion to dismiss claims against defendant Ferreira in his official capacity. See Order re Motion to Dismiss, ECF No. 66.

-1-

including the plaintiff being arrested by defendant Ferreira on September 22, 2016.

Count 3 is a claim for false arrest, malicious prosecution, and false imprisonment brought against Ferreira and co-defendants Francelia Marie Sevin ("Sevin") and Dennis O'Toole. It is based on the September 22, 2016 arrest. The criminal case arising from that arrest was nolled on January 3, 2019.

Count 10 is a claim for false imprisonment/assault and battery. Count 14 is a claim for intentional infliction of emotional distress. Count 15 is a claim for negligent infliction of emotional distress. Each of these claims is against all of the defendants, but none identifies acts by Ferreira other than acts identified in Count 3.

Count 18 is a claim for libel, slander, and defamation of character. It makes specific reference to an act by defendant Sevin on August 10, 2016, but makes no reference to Ferreira. It simply refers to "actions of all the defendants." (ECF No. 1-1 at 24).

Count 19 claims a 42 U.S.C. § 1983 civil rights violation as to which the "plaintiff cites the complaints found in paragraphs 1-18 hereto" and "claims a deprivation of his rights, privileges, immunities secured by the Constitution which were violated by state and local officials under the color of law." (ECF No. 1-1 at 25).

## II. **Legal Standard**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and internal quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the

[claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). The issue on a motion to dismiss "is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

"Where, as here, the complaint was filed pro se, it must be construed liberally 'to raise the strongest arguments [it] suggest[s].'" Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

-4-

"Nonetheless, a pro se complaint must state a plausible claim
for relief," Walker, 717 F.3d at 124 (citing Harris v. Mills,
572 F.3d 66, 73 (2d Cir. 2009)), and the defendant has filed
a Notice to Self-Represented Litigant Concerning Motion to
Dismiss as required by Local Rule 12(a). Consistent with the
liberal reading of a pro se plaintiff's complaint, "[a] district
court deciding a motion to dismiss may consider factual
allegations made by a pro se party in his papers opposing the
motion." Walker, 717 F.3d at 122 n.1.

## III. Discussion

Ferreira contends that all of the claims against him should
be dismissed as time-barred. The court agrees and does not reach
his other arguments.

### A.  Executive Orders 7G and 10A

During the COVID-19 pandemic, Governor Ned Lamont issued
Executive Orders 7G and 10A, which effectively extended the
statutes of limitations in the State of Connecticut. Pursuant to
those executive orders, the statutes of limitations in
Connecticut were tolled between March 19, 2020 and March 1,
2021. See, e.g., Taylor v. Pillai, No. 3:21-cv-623 (SALM), 2022
WL 4080525, at *4-*6 (D. Conn. Sept. 6, 2022) (interpreting and
applying these executive orders). Thus, the applicable statutes
of limitations were extended for 347 days.

-5-

Therefore, in determining when the applicable statute of limitations ran with respect to a claim at issue here, the court uses a date that is 347 days after the date on which the statute of limitations would otherwise have run, unless it ran prior to March 19, 2020.

## B.  Count 3: Statute of Limitations

### 1.  False Arrest and False Imprisonment

The statute of limitations for false arrest and false imprisonment claims is three years. <u>See</u> Conn. Gen. Stat. § 52-577; <u>Rivera v. Double A. Transp., Inc.</u>, 248 Conn. 21, 32 (1999) (false imprisonment is "an intentional tort governed by § 52-577"); <u>Green v. Donroe</u>, 186 Conn. 265, 267 (1982) ("False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another."); <u>see also</u> <u>Outlaw v. City of Meriden</u>, 43 Conn. App. 387, 392 (1996) ("Although the plaintiff pleaded a count alleging false arrest and a count sounding in false imprisonment, the applicable law for these two causes of action is identical.").

"[A] plaintiff's false arrest claim begins accruing at the time of arrest, or at the time the plaintiff was otherwise held pursuant to legal process, and [courts in this District] do not take into consideration the ultimate disposition of the criminal case." <u>Harvey v. Town of Greenwich</u>, No. 3:17-cv-1417 (SRU), 2019 WL 1440385, at *7 (D. Conn. Mar. 31, 2019) (citing <u>Nowacki v.</u>

Town of New Canaan, No. 3:16-cv-407 (JAM), 2017 WL 1158239, at
*7 (D. Conn. Mar. 28, 2017); Spencer v. Connecticut, 560 F.
Supp. 2d 153, 161 (D. Conn. 2008); Vilchel v. Connecticut, No.
3:07-cv-1344 (JCH), 2008 WL 5226369, at *2 (D. Conn. Dec. 11,
2008); Collin v. Connecticut Judicial Branch, No. 3:16-cv-1390
(SRU), 2016 WL 6304434, at *2 n.1 (D. Conn. Oct. 26, 2016)).

The arrest here occurred on September 22, 2016. "False arrest
and false imprisonment overlap; the former is a species of the
latter." Wallace v. Kato, 549 U.S. 384, 388 (2007). "The sort of
unlawful detention remediable by the tort of false imprisonment
is detention without legal process . . . ." Id. at 389.

> Reflective of the fact that false imprisonment
> consists of detention without legal process, a false
> imprisonment ends once the victim becomes
> held pursuant to such process—when, for example, he is
> bound over by a magistrate or arraigned on charges. .
> . . Thereafter, unlawful detention forms part of the
> damages for the entirely distinct tort of malicious
> prosecution, which remedies detention accompanied, not
> by absence of legal process, but by wrongful
> institution of legal process.

Id. at 389-90 (citations omitted) (internal quotations omitted).

The complaint does not distinguish between the date on which
the plaintiff was arrested and the date on which he was
otherwise held pursuant to legal process, but there is no
indication that the difference between these dates is material.
Thus, the court uses the date of the arrest.

From the September 22, 2016 arrest at issue here, the three-year statute of limitations ordinarily would have run on September 22, 2019. Because the statute of limitations was extended by 347 days because of Executive Orders 7G and 10A, the statute of limitations ran on September 3, 2020. Thus, these claims are time-barred.

**2. Malicious Prosecution**

"When the question before a federal court is at what point a malicious prosecution claim accrued, 'favorable termination' is analyzed under federal common law, because the timing of accrual is a question of federal law." Spak v. Phillips, 857 F.3d 458, 462-63 (2d Cir. 2017) (citing Wallace, 549 U.S. at 388). "When, by contrast, a federal court is analyzing the substantive merits of a plaintiff's claim, the definition of 'favorable termination' is analyzed under state law." Id. at 463 (citing Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980)). "[A]s a general matter a nolle prosequi constitutes a 'favorable termination' for the purpose of determining when a Section 1983 claim accrues."[2] Id.

---

[2] "To be sure, courts and common law authorities state that a nolle does not constitute a favorable termination when it is entered for reasons that are 'not indicative of the defendant's innocence.' [Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997)]. However, this qualifier is defined narrowly. It generally only includes nolles that are caused by the defendant—either by his fleeing the jurisdiction to make himself unavailable for trial or delaying a trial by means of fraud. It also includes any nolle entered in exchange for consideration offered by the defendant (e.g., cooperation). See generally RESTATEMENT (SECOND) OF TORTS § 660 (AM. LAW INST. 1977)." Spak, 857 F.3d at 464.

The charges against the plaintiff that are the basis for Count 3 were nolled on January 3, 2019. The three-year statute of limitations ordinarily would have run on January 3, 2022, but it was extended by 347 days because of Executive Orders 7G and 10A. Thus, the statute of limitations ran on December 16, 2022.

The plaintiff contends with respect to Count 3 that there was not a favorable termination of the case until it was "formally dismissed" thirteen months after the nolle pursuant to Connecticut General Statutes § 54-142a.

Pursuant to Connecticut General Statutes § 54-142a(c)(1):

> Whenever any charge in a criminal case has been nolled in the Superior Court, or in the Court of Common Pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased . . . .

Conn. Gen. Stat. § 54-142a(c)(1). The plaintiff's contention that his claim did not accrue upon entry of the nolle but rather thirteen months later when the records were erased pursuant to § 54-142a was rejected in Spak v. Phillips. There the court held that "Spak's contention that his claim accrued not upon entry of the nolle, but thirteen months later when records of the charges against him were automatically erased pursuant to Connecticut state law, see Conn. Gen. Stat. § 54-142a(c)(1), is meritless." 857 F.3d at 466. "Connecticut courts have made clear that the erasure provision Spak cites is a purely administrative measure,

-9-

[State v. Winer, 286 Conn. 666, 679-80 (2008)] (holding that 'the recording of nolles and later, the erasure of criminal records,' are 'administrative rather than substantive in intent')." Id.

The plaintiff argues that Spak v. Phillips is no longer good law because of the enactment of Connecticut General Statutes § 52-577f. However, the analysis in Spak is based on the fact that Connecticut courts have determined that the erasure provision in § 54-142a(c)(1) is a purely administrative matter, and nothing in § 52-577f undermines that holding by the Connecticut Supreme Court in Winer. Rather, prior to the enactment of § 52-577f, pursuant to Connecticut General Statutes § 52-577 the statute of limitations accrued on the date of the act or omission complained of, and that date arguably was the date on which the malicious prosecution commenced. But at that point, a plaintiff could not have satisfied the requirement that there had been a favorable termination. The new provision, § 52-577f, makes it clear that the date of accrual of the cause of action is the date on which there has been a favorable termination, i.e., in a case like this, when a charge is nolled. The fact that the pertinent provision in the Connecticut Practice Book was not changed after the enactment of § 52-577f is consistent with this conclusion. Section 39-31 still provides that "[t]he entry of a

nolle prosequi terminates the prosecution and the defendant shall be released from custody." Conn. Practice Book § 39-31.

Thus, this claim is time-barred.

## C. Remaining Claims against Ferreira

With respect to Count 10, the statute of limitations for false imprisonment and assault and battery is three years. See Conn. Gen. Stat. § 52-577; Rivera, 248 Conn. at 32 (concerning false imprisonment); Lambert v. Stovell, 205 Conn. 1, 4 (1987) (noting "assault and battery" are "governed by § 52-577). With respect to Count 14, the statute of limitations for a claim for intentional infliction of emotional distress is three years. See Conn. Gen. Stat. § 52-577; Watts v. Chittenden, 301 Conn. 575, 596-98 (2011) (§ 52-577 applies to intentional infliction of emotional distress claims). With respect to Count 15, the statute of limitations with respect to a claim for negligent infliction of emotional distress is two years. See Conn. Gen. Stat. § 52-584;[3] Rivera, 248 Conn. at 31 (noting that negligent infliction of emotional distress claims fall properly under § 52-584). With respect to Count 19, the statute of limitations for a Section 1983 claim is three years. See Conn. Gen. Stat. § 52-577; Walker v. Jastremski, 430 F.3d 560, 562 (2d Cir. 2005) (statute of limitations for 42 U.S.C. § 1983 claim in

---

[3] Based on the allegations in the complaint, the three-year statute of repose is not implicated here.

Connecticut relies on § 52-577); see also Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994) ("Since Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations").

As noted above, none of these counts identify actions by Ferreira other than actions attributed to him in Count 3. Thus, a three-year statute of limitations with respect to each of these claims would have ordinarily run on September 22, 2019 but was extended by virtue of Executive Orders 7G and 10A to September 3, 2020 at the latest, and the two-year statute of limitations would have run sooner.

With respect to Count 18, the statute of limitations for a claim for libel, slander or defamation is two years. See Conn. Gen. Stat. § 52-597; Doe #2 v. Rackliffe, 337 Conn. 627, 634 n.9 (2020) ("Other examples [of specialized statutes of limitations] include the statutes governing actions for defamation; see General Statutes § 52-597 ('[n]o action for libel or slander shall be brought but within two years from the date of the act complained of') . . ."). The only act alleged to have constituted libel, slander or defamation of character is alleged to have occurred on August 10, 2016, so the two-year statute of limitations ran by August 10, 2018, as Executive Orders 7G and 10A do not apply.

Thus, all of these claims are time-barred.

**D.  Continuing Course of Conduct**

The plaintiff argues that the running of the statute of limitations was tolled by Connecticut's continuing course of conduct doctrine. In <u>Khan v. Yale University</u>, 85 F.4th 86 (2d Cir. 2023), the court explained:

> Connecticut law pertaining to the continuing course of conduct doctrine . . . states that[] "[w]hen the wrong sued upon consists of a continuing course of conduct," the relevant statute of limitations or repose "does not begin to run until that course of conduct is completed." <u>Flannery v. Singer Asset Fin. Co.</u>, [312 Conn. 286, 311] (2014) (internal quotation marks omitted). The doctrine is "generally applicable under circumstances where it may be impossible to pinpoint the exact date of a [tortious] act or omission that caused injury or where the [tort] consists of a series of acts or omissions and it is [therefore] appropriate to allow the course of action to terminate before allowing the repose section of the limitation period to run." <u>Essex Ins. Co. v. William Kramer & Assocs., LLC</u>, [331 Conn. 493, 503] (2019) (brackets and internal quotation marks omitted); <u>see also</u> <u>Martinelli v. Fusi</u>, [290 Conn. 347, 356] (2009) (stating that "continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied"). To invoke the doctrine, a plaintiff must allege that the defendant, "(1) committed an initial wrong upon the plaintiff; (2) owed a continuing duty to the plaintiff that was related to the alleged original wrong; and (3) continually breached that duty." [<u>Flannery</u>, 312 Conn. at 313] (internal quotation marks omitted). To demonstrate that the defendant owed the plaintiff a continuing duty, the plaintiff may plead "<u>either</u> a special relationship between the parties giving rise to such a continuing duty <u>or</u> some later wrongful conduct of a defendant related to the prior act." [<u>Essex</u>, 331 Conn. at 504], (emphases in original) (internal quotation marks omitted).

Id. at 100.

In Zielinksi v. Kotsoris, 279 Conn. 312 (2006), the Connecticut Supreme Court held that "separate and isolated contacts with different physicians who have the same employer . . . will not, without more, give rise to a continuing course of conduct . . . for purposes of tolling the statute of limitations" because such contacts are insufficient to demonstrate the special relationship that the doctrine requires. See id. at 328-30. Instead, such contacts constituted "separate and discrete acts." Id. at 330.

The plaintiff's claims with respect to defendant Ferreira rely exclusively on alleged conduct by him in 2016. Nowhere in the complaint does the plaintiff allege facts showing that Ferreira took any action after that time. Nor does the complaint allege facts that could show that Ferreira owed the plaintiff a continuing duty under the continuing course of conduct doctrine. See Zielinski, 279 Conn. at 328-30 ("separate and isolated contacts with different [employees] who have the same employer" insufficient to give rise to continuing course of conduct); Macellaio v. Newington Police Dep't, 145 Conn. App. 426, 436 (2013) (plaintiff-arrestee "neither pleaded nor produced any evidence of a special relationship" between himself and police defendants).

-14-

Thus, there are no factual allegations in the complaint that support applying the continuing course of conduct doctrine to any claim against this defendant.

**IV.  <u>Conclusion</u>**

For the reasons set forth above, State Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 52) is hereby GRANTED, and the claims against defendant Christopher Ferreira in his individual capacity are dismissed with prejudice.

It is so ordered.

Dated this 19th day of March 2024, at Hartford, Connecticut.


/s/AWT
Alvin W. Thompson
United States District Judge