```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
JOHN ALAN SAKON,                 :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 :
JOHN JOHNSON, F PERRONE, BRUCE   :
D. SKEHAN, PETER BRANDER, NEAL   :
CAVANAUGH, MICHAEL ROBERTS,      :
PETER J. CELIO, WILMARY LABONTE, :   Civil No. 3:23-cv-107 (AWT)
DANIELLE STONE-MITCHELL,         :
CHRISTOPHER FERREIRA, FRANCELIA  :
MARIE SEVIN, DENNIS O'TOOLE,     :
SETH CONANT, FREED MARCROFT LLC, :
TOWN OF GLASTONBURY, TOWN OF     :
MANCHESTER, and STATE OF         :
CONNECTICUT,                     :
                                 :
          Defendants.            :
-------------------------------- x
```

## RULING ON MOTION TO DISMISS

Defendants Seth Conant ("Attorney Conant") and Freed Marcroft LLC ("Freed Marcroft") have moved to dismiss all claims against them. For the reasons set forth below their motion to dimiss is being granted.

### I. Background

The plaintiff, John Alan Sakon, filed this action on January 26, 2023, proceeding pro se. The nineteen-count complaint concerns a number of separate events, one of which is the plaintiff's divorce from co-defendant Francelia Marie Sevin ("Sevin"). Attorney Conant and Freed Marcroft represented Sevin

-1-

in the divorce proceedings.

The complaint makes specific reference to Attorney Conant and Freed Marcroft in two counts only, Count 5 and Count 12. Five additional counts appear to be asserted against all defendants, namely, Counts 10, 14, 15, 18, and 19.

Count 5 is a claim for false arrest, malicious prosecution, and false imprisonment relating to an arrest of the plaintiff by a Manchester police officer on March 20, 2017 "for three felony counts of violations of a Protective Order on malicious complaint of Sevin with the assistance [of] her paramour O'Toole." (ECF No. 1-1 at 14). The complaint alleges the following:

> Sevin sought and was granted a Restraining Order in Family Court against John Sakon in addition to the Protective Order. In the divorce proceedings John Sakon was pro se and inquired with the court how he was to proceed with his divorce of Francelia Sevin in light of the Orders of Protection. Judge Bozzuto advised the defendant Sakon that he could communicate as to the divorce with Ms. Sevin's attorneys. Attorney Seth Conant was present at the time of this advice.
>
> On February 22, 2017, John Sakon sent an email [to] Attorney Seth Conant in an effort to settle or resolve the divorce action between the parties. On March 10, 2017, Sakon sent another email to Attorney Seth Conant in an effort to settle or resolve the divorce action.
>
> Despite the conciliatory nature of the emails to encourage an amicable divorce, Attorney Seth Conant suggested by letter on Freed Marcroft Letterhead to his client Francelia Sevin to have John Sakon arrested for a violation of the Orders of Protection for sending Conant emails in an attempt to resolve the divorce between the parties in a reasonable manner.

> Attorney Conant, his firm Freed Marcroft, Sevin and
> her paramour O'Toole sought advantage in a civil
> proceeding by filing false criminal complaints.

(ECF No. 1-1 at 14-15). Thus, the gravamen of the plaintiff's claim against Attorney Conant and Freed Marcroft is that Attorney Conant suggested that Sevin have the plaintiff arrested for violation of the protective orders.

Count 12 is a claim for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq. ("CUTPA"). In describing the nature of the case, the complaint alleges that the plaintiff and Sevin had entered into a pre-nuptial agreement, and it also alleges that "Sevin hired defendant Freed Marcroft, filed for divorce on 09/07/2016, contested the prenuptial agreement, but Freed Marcroft failed to attach a copy of the prenuptial agreement which was listed as Exhibit A of her complaint." (ECF No. 1-1 at 7). Count 12 of the complaint alleges that "Freed Marcroft concealed a copy of the prenuptial agreement in [Sevin's] Civil Complaint of Dissolution with the purpose to impair its availability in said proceeding." (ECF No. 1-1 at 22). Thus, the gravamen of the claim in Count 12 is that these defendants stated that the pre-nuptial agreement was an exhibit to the civil complaint in the divorce proceedings but did not actually attach a copy.

Count 10 is a claim for false imprisonment/assault and battery, but it makes no reference to these defendants in that

count; it simply refers to "the defendants." (ECF No. 1-1 at 21).

Count 14 is a claim for intentional infliction of emotional distress, but there is no reference to these defendants in that count; this count simply makes reference to the "acts of all the defendants." (ECF No. 1-1 at 23).

Count 15 is a claim for negligent infliction of emotional distress, but there is no reference to these defendants in that count; this count simply makes reference to "all the defendants." (ECF No. 1-1 at 23).

Count 18 is a claim for libel, slander, and defamation of character. It makes specific reference to an act by Sevin on August 10, 2016 but makes no reference to these defendants. It simply refers to "actions of all the defendants." (ECF No. 1-1 at 24).

Count 19 is a claim for a 42 U.S.C. § 1983 civil rights violation as to which the "plaintiff cites the complaints found in paragraphs 1-18 hereto" and further "claims a deprivation of his rights, privileges, immunities secured by the Constitution which were violated by state and local officials under the color of law." (ECF No. 1-1 at 25). The plaintiff makes no specific reference to these defendants, who are not state or local officials.

## II. Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and internal quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the

[claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). The issue on a motion to dismiss "is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

"Where, as here, the complaint was filed pro se, it must be construed liberally 'to raise the strongest arguments [it] suggest[s].'" Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

"Nonetheless, a pro se complaint must state a plausible claim for relief," Walker, 717 F.3d at 124 (citing Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009)), and the defendants have filed a Notice to Self-Represented Litigant Concerning Motion to Dismiss as required by Local Rule 12(a). Consistent with the liberal reading of a pro se plaintiff's complaint, "[a] district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion." Walker, 717 F.3d at 122 n.1.

## III. Discussion

Attorney Conant and Freed Marcroft argue that all of the plaintiff's claims against them are barred by the applicable statutes of limitations, and in addition, because the defendants are attorneys and the plaintiff's claims are based on their representation of Sevin in the divorce proceeding, they have absolute immunity from suit pursuant to the litigation privilege. They also argue that, in any event, the counts in the complaint that pertain to them fail to state a claim upon which relief can be granted.

For the reasons set forth in the Ruling on Motion to Dismiss with respect to the Town of Manchester and the related defendants (ECF No. 102), the plaintiff's claims against Attorney Conant and Freed Marcroft in Counts 5, 10, 14, 15, 18 and 19 are barred by the applicable statutes of limitations.

However, even if they were not, the plaintiffs' claims against Attorney Conant and Freed Marcroft, except for the claim for malicious prosecution in Count 5, must be dismissed because these defendants are shielded by absolute immunity pursuant to the litigation privilege.

"Federal courts in Connecticut routinely apply the state's litigation privilege to claims that challenge representations made in underlying state court litigation." Weldon v. MTAG Servs., LLC, No. 3:16-cv-783 (JCH), 2017 WL 776648, at *10 (D. Conn. Feb. 28, 2017) (collecting cases). While the defendants argue that the litigation privilege deprives this court of subject-matter jurisdiction, "'[a] defense of absolute . . . immunity has nothing to do with a federal court's jurisdiction.'" See Cruz v. Signify North Am. Corp., 3:22-cv-1081 (SVN), 2023 WL 3499579, at *13 n.14 (D. Conn. May 17, 2023) (quoting Wang v. Delphin-Rittmon, 664 F. Supp. 3d 205, 216 (D. Conn. 2023)). Thus, these claims are being addressed in the context of the 12(b)(6) motion filed by these defendants.

"For more than one century, [the Connecticut Supreme Court] has held that, under the litigation privilege, '[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he

-8-

participates as counsel, if it has some relation to the proceeding.'" Scholz v. Epstein, 341 Conn. 1, 9 (2021) (some alteration in original) (quoting Simms v. Seaman, 308 Conn. 523, 535 (2013)).

> [A]bsolute immunity extends to an array of retaliatory civil actions beyond claims of defamation, including intentional interference with contractual or beneficial relations arising from statements made during a civil action, intentional infliction of emotional distress arising from statements made during judicial proceedings, and fraud against attorneys or party opponents for their actions during litigation.

Dorfman v. Smith, 342 Conn. 582, 592 (2022). The Connecticut Supreme Court has "noted that, '[l]ike other jurisdictions, Connecticut has long recognized the litigation privilege,' and that '[t]he general rule is that defamatory words spoken upon an occasion absolutely privileged, though spoken falsely, knowingly, and with express malice, impose no liability for damages recoverable in an action in slander . . . .'" MacDermid, Inc. v. Leonetti, 310 Conn. 616, 627 (2013) (quoting Simms, 308 Conn. at 536).

> In making [a determination about whether the litigation privilege applies], the court must decide as a matter of law whether the alleged defamatory statements are sufficiently relevant to the issues involved in a proposed or ongoing judicial proceeding, so as to qualify for the privilege. The test for relevancy is generous, and "judicial proceeding" has been defined liberally to encompass much more than civil litigation or criminal trials. [Kelley v. Bonney, 221 Conn. 549, 566-67 (1992)].

Hopkins v. O'Connor, 282 Conn. 821, 839 (2007).

The Connecticut Supreme Court has

> identified the following factors as relevant to any determination of whether policy considerations support applying absolute immunity to any particular cause of action: (1) whether the alleged conduct subverts the underlying purpose of a judicial proceeding in a similar way to how conduct constituting abuse of process and vexatious litigation subverts that underlying purpose; (2) whether the alleged conduct is similar in essential respects to defamatory statements, inasmuch as the privilege bars a defamation action; and (3) whether the alleged conduct may be adequately addressed by other available remedies. [Simms, 307 Conn. at 545]. Assisting in our evaluation of these factors, to the extent applicable, we have considered as persuasive whether federal courts have protected the alleged conduct pursuant to the litigation privilege. See [id., at 545-46]. These factors and considerations, however, are "simply instructive," and courts must focus on "the issues relevant to the competing interests in each case" in light of the "particular context" of the case. [MacDermid, 310 Conn. at 630-31]. [A court is] not required to rely exclusively or entirely on these factors, but, instead, they are useful when undertaking a careful balancing of all competing public policies implicated by the specific claim at issue and determining whether affording parties this common-law immunity . . . is warranted.

Dorfman, 342 Conn. 593-94.

However, in Simms v. Seaman, 308 Conn. 523 (2013), the Connecticut Supreme Court observed that "this court has not barred claims against attorneys for malicious prosecution in criminal cases . . . ." Id. at 542.

The alleged conduct on which the plaintiff's claims of false arrest and false imprisonment in Count 5 and his CUTPA claim in Count 12 are based falls squarely within the litigation

privilege. In Count 5, the plaintiff's claim is based on legal advice these defendants allegedly gave Sevin in the course of the divorce proceedings. In Count 12, the claim is based on a pleading filed by these defendants in the divorce proceedings. In neither instance are there factual allegations (as opposed to conclusory assertions) that could support a conclusion that there exists a policy reason not to apply the litigation privilege. The same is true of the plaintiff's generalized claims based on conclusory assertions against these defendants in Counts 10, 14, 15, 18, and 19.

Moreover, with respect to the malicious prosecution claim in Count 5,

> "[a]n action for malicious prosecution against a private person requires a plaintiff to prove that: [1] the defendant initiated or procured the institution of criminal proceedings against the plaintiff; [2] the criminal proceedings have terminated in favor of the plaintiff; [3] the defendant acted without probable cause; and [4] the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice" . . . .

Simms, 308 Conn. at 542 (quoting McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982)). Here the plaintiff has merely alleged that Attorney Conant "suggested" that Sevin have the plaintiff arrested for a violation of the protective orders. Merely pleading facts that show that an attorney gave legal advice to a

-11-

client falls well short of alleging facts that show that the attorney initiated or procured the institution of criminal proceedings against the plaintiff.

**IV.  Conclusion**

For the reasons set forth above, the 12(b)(6) Motion to Dismiss (ECF No. 49) filed by defendants Seth Conant and Freed Marcroft LLC is hereby GRANTED. The claims against these defendants are dismissed with prejudice.

It is so ordered.

Dated this 19th day of March 2024, at Hartford, Connecticut.

                                         /s/AWT
                                    Alvin W. Thompson
                               United States District Judge