UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------x
JOHN ALAN SAKON,                    :
                                    :
     Plaintiff,                     :
                                    :
v.                                  :
                                    :
JOHN JOHNSON, F PERRONE, BRUCE      :
D. SKEHAN, PETER BRANDER, NEAL      :
CAVANAUGH, MICHAEL ROBERTS,         : Civil No. 3:23-cv-107 (AWT)
PETER J. CELIO, WILMARY LABONTE,    :
DANIELLE STONE-MITCHELL,            :
CHRISTOPHER FERREIRA, FRANCELIA     :
MARIE SEVIN, DENNIS O'TOOLE,        :
SETH CONANT, FREED MARCROFT LLC,    :
TOWN OF GLASTONBURY,                :
TOWN OF MANCHESTER, and STATE OF    :
CONNECTICUT,                        :
                                    :
     Defendants.                    :
                                    :
-----------------------------------x
```

**RULING ON MOTION TO CERTIFY**
**QUESTION OF STATE LAW TO THE CONNECTICUT SUPREME COURT**

For the reasons set forth below, the motion to certify a question of law to the Connecticut Supreme Court, filed by plaintiff John Alan Sakon ("Sakon"), is being denied.

**I.   BACKGROUND**

Sakon filed this action, bringing various causes of action against the following defendants: John Johnson, F. Perrone, Bruce D. Skehan, Peter Brander, Neal Cavanaugh, Michael Roberts, and the Town of Glastonbury (collectively, the "Glastonbury Defendants"); Peter J. Celio, Wilmary Labonte, Danielle Stone-

Mitchell, and the Town of Manchester (collectively, the "Manchester Defendants"); Christopher Ferreira ("Ferreira"); Seth Conant ("Conant") and Freed Marcroft LLC ("Freed Marcroft"); and Francelia Marie Sevin ("Sevin") and Dennis O'Toole ("O'Toole").

Sakon brought claims for malicious prosecution against the Glastonbury Defendants (Counts 1, 2, 4, 8, and 9), the Manchester Defendants (Counts 5, 6, and 7), Ferreira (Count 3), Conant and Freed Marcroft (Count 5), and Sevin and O'Toole (Counts 1, 2, 3, 5, 6, and 7).

Motions to dismiss all claims against them were filed by the Glastonbury Defendants, by the Manchester Defendants, by Ferreria, by Conant and Freed Marcroft, and by Sevin and O'Toole. In written rulings, the court dismissed all claims against all of the defendants. With respect to the claims for malicious prosecution, with two exceptions[1] the court ruled that those claims were barred by the applicable statute of limitations. See Sakon v. Johnson, No. 3:23-CV-107 (AWT), 2024 WL 1176571 (D. Conn. March 19, 2024)(Manchester Defendants);

---

[1] The Section 1983 claims against Sevin and O'Toole were dismissed because the plaintiff did not allege facts showing that either defendant was acting under color of state law. See Sakon v. Johnson, No. 3:23-CV-107 (AWT), 2023 WL 5394634 at *2 (D. Conn. Aug. 22, 2023). With respect to the Glastonbury Defendants, the court concluded that the malicious prosecution claim in Count 9 was not barred by the applicable statute of limitations, but that the plaintiff's claim should nonetheless be dismissed because the plaintiff had failed to state a claim upon which relief can be granted. See Sakon v. Johnson, No. 3:23-CV-107 (AWT), 2024 WL 1331967 at *9 (D. Conn. March 28, 2024).

Sakon v. Johnson, No. 3:23-CV-107 (AWT), 2024 WL 1331967 (D. Conn. March 28, 2024)(Glastonbury defendants); Sakon v. Johnson, No. 3:23-CV-107 (AWT), 2024 WL 1175498 (D. Conn. March 19, 2024)(Ferreira); Sakon v. Johnson, No. 3:23-CV-107 (AWT), 2024 WL 1175370 (D. Conn. March 19, 2023)(Conant and Freed Marcroft).

On April 18, 2024, Sakon filed the instant motion, moving to certify one question to the Connecticut Supreme Court.

1. In light of P.A. 21-104 and other Connecticut Laws, is the plaintiff barred from bringing the instant case by the Statute of Limitations?

Motion for Certification of Question of State Law (ECF No. 114) at 4.

The plaintiff frames his proposed question for certification in response to the following analysis by the court:

> The plaintiff's contention that his claim did not accrue upon entry of the nolle but rather thirteen months later when the records were erased pursuant to §54-142a was rejected in Spak v. Phillips. There the court held that "Spak's contention that his claim accrued not upon entry of the nolle, but thirteen months later when records of the charges against him were automatically erased pursuant to Connecticut state law, see Conn. Gen. Stat. § 54-142a(c)(1), is meritless." 857 F.3d at 466. "Connecticut courts have made clear that the erasure provision Spak cites is a purely administrative measure, [State v. Winer, 286 Conn. 666, 679-80 (2008)] (holding that 'the recording of nolles and later, the erasure of criminal records,' are 'administrative rather than substantive in intent')." Id.

> The plaintiff argues that Spak v. Phillips is no longer good law because of the enactment of

- 3 -

Connecticut General Statutes § 52-577f. However, the
analysis in Spak is based on the fact that Connecticut
courts have determined that the erasure provision in §
54-242a(c)(1) is a purely administrative matter, and
nothing in § 52-577f undermines that holding by the
Connecticut Supreme Court in Winer. Rather, prior to
the enactment of § 52-577f, pursuant to Connecticut
General Statutes § 52-577 the statute of limitations
accrued on the date of the act or omission complained
of, and that date arguably was the date on which the
malicious prosecution commenced. But at that point, a
plaintiff could not have satisfied the requirement
that there had been favorable termination. The new
provision, § 52-577f, makes it clear that the date of
accrual of the cause of action is the date on which
there has been a favorable termination, i.e., in a
case like this, when a charge is nolled. The fact that
the pertinent provision in the Connecticut Practice
Book was not changed after the enactment of § 52-577f
is consistent with this conclusion. Section 39-31
still provides that "[t]he entry of a nolle prosequi
terminates the prosecution and the defendant shall be
released from custody." Conn. Practice Book § 39-31.
Thus, these claims are time-barred.

Sakon, 2024 WL 1331967 at *9.

Thus, in substance, the question of law the plaintiff seeks
to have certified is: When does a person's malicious prosecution
claim accrue for purposes of the statute of limitations once the
criminal case against that person is nolled?

## II.  LEGAL STANDARD

Under Conn. Gen. Stat. § 51-199b, "[t]he [Connecticut]
Supreme Court may answer a question of law certified to it by a
court of the United States or by the highest court of another
state or of a tribe, if the answer may be determinative of an
issue in pending litigation in the certifying court and if there

is no controlling appellate decision, constitutional provision
or statute of this state." The decision to certify questions to
the Supreme Court "[r]ests in the sound discretion of the
federal court." Lehman Bros. v. Schein, 416 U.S. 386, 391
(1974). When deciding whether a court shall exercise such
discretion, the court must consider whether:

> (1) [T]he Connecticut Supreme Court has not squarely
> addressed an issue and other decisions by Connecticut
> Courts are insufficient to predict how the Supreme
> Court would resolve it; (2) the statute's plain
> language does not indicate the answer; (3) a decision
> on the merits requires value judgments and important
> public policy choices that the Connecticut Supreme
> Court is better situated than we to make; and (4) the
> questions certified will control the outcome of the
> case.

Batchelar v. Interactive Brokers, LLC, No. 3:15-CV-1836(AWT),
2020 WL 2513775, at *1 (D. Conn. May 15, 2020)(quoting CIT Bank,
N.A. v. Schiffman, 948 F.3d 529, 537 (2d Cir. 2020)).
Nonetheless, federal courts "[d]o not certify every case that
meets these criteria." O'Mara v. Town of Wappinger, 485 F.3d
693, 698 (2d Cir. 2007). Rather, "[f]ederal courts ought to
resort to certification only when doing so would, in the context
of the particular case, 'save time, energy and resources and
help[] build a cooperative judicial federalism.'" L. Cohen & Co.
v. Dun & Bradstreet, Inc., 629 F. Supp. 1419, 1423 (D. Conn.
1986)(quoting Lehman Brothers v. Schein, 416 U.S. at 391). The
court will not certify questions of law "[w]here sufficient

precedent exist[s] for us to make a determination." <u>Amerex Grp., Inc. v. Lexington Ins. Co.</u>, 678 F.3d 193, 200 (2d Cir. 2012)(quoting <u>Dibella v. Hopkins</u>, 403 F.3d 102, 111 (2d Cir. 2005)).

**III. DISCUSSION**

The defendants argue that the plaintiff's motion should be denied because it is untimely, and also that even if the plaintiff's motion were not untimely it should be denied because there is controlling appellate authority that refutes the plaintiff's position. The court agrees with both points.

As to the first point, the rulings setting forth the court's analysis on the question the plaintiff seeks to have the court certify to the Connecticut Supreme Court were filed on March 19, 2024 and March 28, 2024. The instant motion was filed on April 18, 2024. Certifying this question now to the Connecticut Supreme Court would not "save time, energy, and resources, [nor] help build the cooperative judicial federalism." <u>L. Cohen & Co.</u>, 629 F. Supp. at 1423. "[T]he appropriate time for the [plaintiff] to have sought certification was before the court expended time, energy, and resources to review and rule on the arguments raised in [the defendants'] motion[s] to dismiss." <u>Batchelar</u>, 2020 WL 2513775, at *3. <u>See</u> <u>Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants</u>, LLC, 311 F. App'x 827, 832 (6th Cir.

2009)("The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling."); Massengale v. Okla. Bd. Of Examiners in Optometry, 30 F.3d 1325, 1331 (10th Cir. 1994)("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court."); Travelers Indem. Co. of Am. v. BonBeck Parker, LLC, No. 1:14-CV-02059-RM-MJW, 2017 WL 10667200, at *4 (D. Colo. Mar. 1, 2017)("Here, Plaintiff sought certification only after receiving an adverse ruling . . . . Plaintiff's dissatisfaction with this Court's decision is not an appropriate ground for certification."); Derungs v. Wal-Mart Stores, Inc., 162 F. Supp. 2d 861, 868 (S.D. Ohio 2001) ("In effect, however, the Plaintiffs are now seeking to have the Ohio Supreme Court review a judgment of this Court. The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling.").

There is also the question of fairness to the defendants. If this court were to grant the request by the plaintiff, made after he has received adverse rulings, that would "[a]mount to a de facto interlocutory appeal to which [he does] not have a right." Batchelar, 2020 WL 2513775, at *3. Also, "[t]o permit

the [plaintiff] to seek certification of th[is] question[] only after receiving an adverse ruling would give [him] a second bite at the apple . . . ." Id.

As to the second point, under § 51-199b, it is only appropriate for the court to certify a question of law to the Connecticut Supreme Court if, inter alia, "[t]here is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b. Consideration of the factors identified in CIT Bank, N.A., 948 F.3d at 337 leads to the conclusion that this requirement is not satisfied here.

While the Connecticut Supreme Court has not squarely addressed the contention raised by the plaintiff, in Spak v. Phillips, 857 F.3d 458, 466 (2d Cir. 2017), the court applied the holding in State v. Winer, 286 Conn. 666, 678-80 (2000) that the erasure of criminal records is "[a]dministrat[ive] rather than substantive in intent."

Connecticut appellate cases predating and postdating the enactment of § 52-577f make it clear that a favorable termination is substantive. In State v. Daly, 111 Conn. App. 397, 402 (2008), the court stated that "[t]he effect of a nolle is to terminate the particular prosecution of the defendant without an acquittal and without placing him in jeopardy." In State v. Butler, 209 Conn. App. 63, 97 (2021), aff'd, 348 Conn.

51 (2023), the court held that "[t]he entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated." While this decision predated the enactment of P.A. 21-104, Butler was affirmed by the Connecticut Supreme Court in 2023.

In addition, the pertinent provision of the Connecticut Practice Book, Section § 39-31, provided, both before and after the enactment of Conn. Gen. Stat. § 52-577f, that "[t]he entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated." See Conn. Practice Book § 39-31 (page 383 of the 2018 Connecticut Practice Book and page 393 of the 2024 Connecticut Practice Book).

It would not be appropriate for this Court to grant the plaintiff's motion "where sufficient precedent exist[s] for us to make a determination." Amerex Grp., 678 F.3d at 200. The purpose of certification is not to give the Connecticut Supreme Court "the opportunity to change its current precedent with this case." Batchelar, 2020 WL 2513775, at *1.

Moreover, this is a situation where the statute's plain language indicates the answer. The new provision, § 52-577f,

makes it clear that the date of accrual of a cause of action for malicious prosecution is the date on which there has been a favorable termination ("No action to recover damages for malicious prosecution may be brought later than three years from the date of the termination of the criminal proceeding that is the subject of such action.").

Nor is this case one where a decision with respect to the plaintiff's contention requires value judgments and important policy choices, or one where the question the plaintiff seeks to have certified will control the outcome of the case.

**IV.   CONCLUSION**

For the reasons set forth above, the plaintiff's motion to certify a question of law to the Connecticut Supreme Court (ECF No. 114) is hereby DENIED.

It is so ordered.

Dated this 21st day of June 2024, at Hartford, Connecticut.


/s/AWT
_____
Alvin W. Thompson
United States District Judge